IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDGAR NIEVES,
    Plaintiff

v.                                   Case No. 3:23-cv-36

ABILENE MOTOR EXPRESS, LLC
AND SAMAN ASA,
    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT ABILENE MOTOR EXPRESS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) ("the Motion") (ECF No. 4).[1] For the reasons set forth below, DEFENDANT ABILENE MOTOR EXPRESS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) will be denied.

## BACKGROUND

*Factual Background*

This case arises out of a June 26, 2019 truck crash. As alleged in the Complaint (ECF No. 1), Saman Asa ("Asa") negligently operated the 18-wheeler transport vehicle he was driving and crashed into the 18-wheeler transport vehicle

---

[1] Though the motion is styled as a motion to dismiss pursuant to Rule 12(b)(6), Abilene Motor Express, LLC ("Abilene") also cites Federal Rule of Civil Procedure 12(b)(1) as a ground for dismissal. But, DEFENDANT ABILENE MOTOR EXPRESS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS ("Abilene Memo. in Supp.") (ECF No. 5) only discusses grounds for dismissal under Rule 12(b)(6). Therefore, only that ground will be considered.

operated by Edgard Nieves ("Nieves"). Compl. ¶ 19. As a result of the crash, Nieves "has incurred and will be compelled to incur in the future medical, doctors' and other health care providers' bill in effort to be cured of his injuries and be relieves of his pain and suffering." Compl. ¶ 23. In addition, he "has sustained and may sustain economic losses in the future." Compl. ¶ 24.

Nieves presents two counts in the Complaint. Count I is against Asa for negligence. Compl. at 3. Count II is against Abilene Motor Express, LLC ("Abilene"), Asa's employer, under a theory of respondeat superior liability. Compl. at 4. On March 17, 2023, an Order of Abatement was entered dismissing Asa without prejudice because he had not been served with process. Order of Abatement (ECF No. 9).

## DISCUSSION

*Legal Framework*

Federal Rule of Civil Procedure Rule 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. Rule 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The Court "must accept as true all of the allegations contained in the complaint." Id. However, the Court does not need to accept legal conclusions as true. Id.

*Analysis*

Abilene cites to two grounds for dismissal under Rule 12(b)(6). DEFENDANT ABILENE MOTOR EXPRESS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS ("Abilene Memo. in Supp.") at 2 (ECF No. 5). *First*, so it says, Nieves "fail[ed] to comply with [Federal Rule of Civil Procedure] Rule 8 by failing to show that this Court has jurisdiction over this matter and failing to provide any other facts to support that this claim is proper in this Court." Id. *Second*, Abilene argues that there is an "apparent statute of limitations issue that is presented on the face of the complaint." Id.

*Jurisdictional Statement*

The Federal Rules of Civil Procedural require pleadings to contain "a short and plain statement of the grounds for the


3

court's jurisdiction." Fed. R. Civ. P. Rule 8(a). However, courts need not be overly formalistic in determining if this rule is satisfied. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. Rule 8(e). When determining if this requirement has been satisfied, the Court may look beyond "the formal jurisdictional allegation" and evaluate the "entire complaint." Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1206 (4th ed.).

Nieves has failed to provide a clear jurisdictional statement. But, he has plead all the underlying facts necessary to determine if there is subject matter jurisdiction. In his Civil Cover sheet, which he attached to the Complaint, Nieves cites diversity as the basis of jurisdiction. Civil Cover Sheet (ECF No. 1-1). Now that Asa has been dismissed, Nieves has made the requisite showings of absolute diversity of citizenship. See 28 U.S.C. § 1332. Nieves states that Abilene's "principal place of business is located...[in] Virginia" and it is "registered with the Virginia State Corporation Commission." Compl. ¶¶ 1-2. And, in his Civil Cover Sheet, Nieves lists his residence as being in Connecticut. Nieves request for damages, $500,000, is sufficient to meet the amount in controversy requirement. Compl. at 5; 28 U.S.C. § 1332(a). While he has not made a formal jurisdictional claim, the Complaint and attached Civil Cover

Sheet provide the information necessary to determine that diversity jurisdiction has been properly invoked. However, the Civil Cover Sheet is not part of the Complaint, and it is in the Complaint that jurisdictional allegations must appear.

Nieves, in obvious recognition of that requirement, requests leave to amend his Complaint to satisfy Rule 8(a)(1). PLAINTIFF'S RESPONSE TO DEFENDANT ABILENE MOTOR EXPRESS, LLC'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS ("Response") at 3 (ECF No. 8). Considering that to deny the request would be pure formalism, the Court will grant this request.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). A technical failure to proper plead jurisdiction is one such occasion. When a party has failed to comply with Rule 8(a)(1), "an amendment normally should be permitted by the court and is preferable to a dismissal whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff." Wright & Miller, § 1214 Pleading Jurisdiction—Consequences of Failure to Comply With Rule 8(a)(1), 5 Fed. Prac. & Proc. Civ. § 1214 (4th ed.). It appears that there is a basis for jurisdiction and Nieves can properly plead it. It is in the interest of justice to allow him to amend his Complaint

to properly include these claims and he will be permitted to do so.

*Statute of Limitations*

Under Virginia law "every action for personal injuries, whatever the theory of recovery. . . shall be brought within two years after the cause of action accrues." Va. Code. Ann. § 8.01-243(A).[2] In personal injury cases, "the prescribed limitation period shall begin to run from the date the injury is sustained." Va. Code. Ann. § 8.01-230.

In this case, the alleged injury occurred on June 26, 2019. Compl. ¶ 4. Thus, the two-year statute of limitations period would expire on June 26, 2021.

However, "[i]f a plaintiff suffers a voluntary nonsuit. . . the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action." Va. Code Ann. § 8.01-229(E)(3). In that case, "the plaintiff may recommence his action within six months from the date of the order entered by the court." Id.

Nieves originally brought sought in Virginia state court on June 17, 2021, within the two-year statute of limitations. Response at 4. On July 15, 2022, he and the defendants "jointly

---

[2] The statute provides for some exceptions not relevant here.

stipulated to a voluntary dismissal." Response at 5. Within six months, in accordance with Va. Code. Ann. § 8.01-229(E)(3), he filed his Complaint in this Court on January 13, 2023. Id.; Compl. at 1. Thus, this action is properly brought within the statute of limitations.[3]

## CONCLUSION

For the foregoing reasons, the DEFENDANT ABILENE MOTOR EXPRESS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) ("the Motion") (ECF No. 4) will be denied and Nieves's Motion to Amend his Complaint, contained within PLAINTIFF'S RESPONSE TO DEFENDANT ABILENE MOTOR EXPRESS, LLC'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS (ECF No. 8) will be granted. Any Amended Complaint shall be filed by June 7, 2023 and the Answer and other motions shall be filed by June 21, 2023.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 23, 2023

---

[3] This information is contained in Nieves's Response. However, Abilene has not refuted or questioned it.